UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
LEVITON MANUFACTURING CO., INC.,  :
                                   :
                 Plaintiff,        :
                                   :  **MEMORANDUM**
         -against-                 :  **OPINION**
                                   :
PASS & SEYMOUR, INC.,              :  17-cv-46 (BMC)
                                   :
                 Defendant.        :
                                   :
                                   :
---------------------------------------------------------- X

**COGAN**, District Judge.

This is a patent and breach of contract case. Should defendant fail to prove invalidity of plaintiff's patent, the parties have stipulated to the amount of damages plaintiff is owed. Based on this stipulation, defendant contends that plaintiff is no longer entitled to a jury trial because the only issue remaining for trial is its counterclaim for a declaratory judgment deeming plaintiff's patent invalid. The parties agree that, but for the stipulation, this would be a jury case.

The Court thus had to decide whether this stipulation vitiates plaintiff's right to a jury trial. Because the Court determined it did not, the Court denied defendant's motion to strike the jury demand. This opinion explains the basis of that ruling.

## BACKGROUND

Plaintiff produces electronical wiring devices, including ground-fault circuit interrupters (GFCIs). Back in May 2012, plaintiff sued defendant for infringement of one particular GFCI, U.S. Patent No. 7,463,124 ("the '124 patent"). Several months after litigating the patent suit, the parties entered into a Settlement and License Agreement for the '124 patent ("the agreement"). Under this agreement, defendant would pay plaintiff royalties for any products that "would

infringe" on plaintiff's products "in the absence of the license(s) granted." Plaintiff claims defendant's products infringe upon its products and seeks damages in the amount of unpaid royalties due to defendant's alleged breach of the agreement.

In respect to this alleged breach of contract, defendant has raised a declaratory judgment counterclaim for invalidity as to the '124 patent. To narrow the issues for trial and for the sake of judicial economy, the parties have stipulated if plaintiff's patent is held to be valid, defendant is in breach of the agreement and required to pay an agreed upon amount of damages.[1]

## DISCUSSION

**I.     Plaintiff's Right to a Jury Trial**

The Seventh Amendment guarantees the right to trial by jury "[i]n suits at common law, where the value in controversy shall exceed twenty dollars." "[T]he thrust of the Amendment was to preserve the right to jury trials as it existed in 1791." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989). When deciding whether a jury trial is required, the court must engage in a two-step analysis: (1) the court must first compare the action to the 18th century action brought in the English courts prior to the merger of law and equity. Chauffeurs, Teamsters & Helpers v. Terry, 494 U.S. 558, 565 (1990); and (2) it must examine the remedy sought to determine whether it is legal or equitable in nature. Id. The court then "balance[s] the two, giving greater weight to the latter." Germain v. Connecticut Nat'l Bank, 988 F.2d 1323, 1328 (2d Cir. 1993).

**A.  Character of the Underlying Dispute**

A federal court "may declare the legal rights or other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §

---

[1] The Court ordered the parties are prohibited from mentioning this stipulation to the jury.

2201(a).  The Declaratory Judgment Act preserves the right to trial by jury.  <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 504 (1959).  Thus, "[a]ctions for declaratory judgments are neither legal nor equitable, and courts have therefore had to look to the kind of action that would have been brought had Congress not provided the declaratory judgment remedy."  <u>Gulfstream Aerospace Corp. v. Mayacamas Corp.</u>, 485 U.S. 271, 284 (1988); <u>accord</u> <u>American Safety Equipment Corp. v. J.P. Maguire Co.</u>, 391 F.2d 821, 824 (2d Cir. 1968) ("A declaratory judgment action is a statutory creation … neither legal or equitable … the courts have looked to the basic nature of the suit in which the issues involved would have arisen if Congress had not created the Declaratory Judgment Act.").

In <u>In re Lockwood</u>, 50 F.3d 966, 974 (Fed. Cir.), <u>vacated as moot</u>, 515 U.S. 1182 (1995), the Federal Circuit found a declaratory judgment action by a potential infringer should be considered "as a suit for patent infringement in which the affirmative defense of invalidity has been pled[.]"  The <u>Lockwood</u> Court looked to the nature of patent actions in the eighteenth century and found that "[i]n the eighteenth-century England, allegations of patent infringement could be raised in both actions at law and suits in equity," and "[t]he choice of forum and remedy, and thus of the method of trial, was left with the patentee."  <u>Id.</u> at 975.  The Federal Circuit reasoned that "[u]nder both English and American practice … it was the patentee who decided in the first instance whether a jury trial on the factual questions relating to validity would be compelled," and so the patentee retained the option of a jury trial even when "the validity of his patents comes before the court in a declaratory judgment action for invalidity rather than as a defense in an infringement suit."  <u>Id.</u> at 976.

Although the Supreme Court vacated <u>Lockwood</u> as moot after Lockwood withdrew its jury demand, <u>Lockwood</u>'s analysis "has been neither supplanted or questioned."  <u>Tegal Corp. v.</u>

3

Tokyo Electron American, Inc., 257 F.3d 1331, 1340 (Fed. Cir. 2001). In Tegal, the Court recognized, "[i]f the patentee sought an injunction and an accounting, the patentee went to a court of equity. If, however, the patentee sought only damages, a court of law was used." Id. Thus, declaratory judgment actions have no inherently legal or equitable nature, but take on the character of the underlying dispute. See, e.g., Starr Int'l Co. v. Am. Int'l Group, Inc., 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009) (quoting In re Rosenman & Colin, 850 F.2d 57, 60 (2d Cir. 1988).

In this case, had defendant not brought a declaratory judgment counterclaim, the issue at trial would be whether defendant breached its agreement with plaintiff by selling products that allegedly infringed upon plaintiff's '124 patent. Despite defendant's counterclaim for a declaratory judgment of invalidity, the underlying dispute in this case arises from this alleged breach. Specifically, defendant intends to argue at trial it "did not breach the parties' 2012 agreement because the asserted claims are invalid." Defendant's invalidity counterclaim amounts to a defense to an action by plaintiff to enforce a contract, because the payout of royalties under the parties' agreement forms the crux of this dispute. See Settlement Funding, LLC v. AXA Equitable Life Ins. Co., 09-cv-8685, 2011 WL 1097635, at *2 (S.D.N.Y. March 21, 2011) ("Here, without a declaratory judgment procedure, AXA's claims would appear as defenses to an action by SF to enforce a contract, because the payout of Policy benefits under the parties' agreement was the heart of this dispute.").

Thus, plaintiff cannot be deprived of the right to a jury trial merely because defendant chose to argue in the form of a counterclaim for declaratory judgment. Cf. Beacon Theatres, Inc., 359 U.S. at 504 ("[I]f Beacon would have been entitled to a jury trial in a treble damages suit against Fox it cannot be deprived of that right merely because Fox took advantage of the

4

availability of declaratory relief to sue Beacon first."); Pfizer Inc. v. Novopharm Ltd., 2001 WL 477163, at *4 (N.D. Ill. May 3, 2001) ("[The] holding does not deprive the patentee of a right it would otherwise have merely because the alleged infringer has sought declaratory relief.").

**B. Remedy Sought**

"[A] plaintiff seeking damages has a right to a jury trial on all issues pertinent to the awards of damages." Chan v. Schatz, 280 F. Supp. 3d 546, 549 (S.D.N.Y. 2017) (citing Felter v. Columbia Pictures Television, Inc., 523 U.S. 340, 352 (1998). On the other hand, a plaintiff seeking only injunctive relief does not have a right to a jury trial. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 726 n.1 (1999). Because plaintiff seeks damages, not injunctive relief as a remedy, it maintains the right to a jury trial.

The parties do not dispute that but for the stipulation, plaintiff would have a right to a jury trial. The question is whether the stipulation vitiated that right because it is the Court, not the jury, which will include the amount of damages in a judgment (if plaintiff establishes liability) by virtue of the stipulation. Even if the Court is responsible for implementing the stipulation, the issue of patent invalidity is inextricably intertwined with whether plaintiff receives any damages as a remedy. On one hand, plaintiff will receive no money if its patent is found invalid because there has been no breach, but on the other, plaintiff is entitled to a substantial amount if its patent is found valid.

The fact remains that however the damages are arrived at in this case, it remains a case primarily about substantial damages, and the stipulation is merely a way to streamline the case to get there, if liability is established. The parties could have included in their damage stipulation that the right to a jury trial is withdrawn, but they did not. The Court is not inclined to augment the stipulation through a back-door motion to strike the jury demand.

5

Plaintiff neither seeks nor will it be satisfied with merely an equitable remedy, such as an injunction, in this case. Its ultimate goal is damages. No matter how defendant attempts to recharacterize the remedy sought in this case, plaintiff vigorously seeks damages for defendant's alleged breach of the agreement, which the Supreme Court has held is "historically legal." Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n, 430 U.S. 442, 459 (1977) ("[S]uits for damages for breach of contract … were suits at common law … decided by a jury."). Contrary to defendant's contention, plaintiff's stipulation to an amount of damages should its patent be found valid, is not akin to "withdrawing" or "abandoning" its claims for damages. In the event of a verdict for plaintiff, the final order and judgment in this case will certainly order defendant to pay plaintiff damages.

None of the cases cited by defendant require a different result. In In re Tech Licensing Corp., 423 F.3d 1286, 1288-90 (Fed. Cir. 2005), the plaintiff "withdrew its claim for damages for past infringement and notified the district court that it would only seek injunctive relief against future infringement." Id. at 1287. Thus, "[o]nce TLC withdrew its claim for damages, all of the claims asserted by either party that remain[ed] to be tried [were] indisputably equitable in nature." Id. at 1287. Unlike in In re Tech, plaintiff maintains an active claim for breach of contract, does not seek an injunction, and it is far from clear the remaining claim is "indisputably equitable in nature." The district court cases defendant cites are equally unconvincing.[2]

---

[2] In Abbott Labs v. Mathilda and Terence Kennedy Inst. of Rheumatology Trust, 11-cv-2541, 2012 WL 3965148, at *2 (S.D.N.Y. Sept. 11, 2012), the patentee's competing claim for declaratory judgment, the sole issue for trial, "[did] not seek damages for patent infringement." Moreover, although the court stayed the patentee's remaining counterclaims that sought damages for unpaid royalties for an alleged breach of contract, this stayed claim pertained to a separate patent unrelated to the parties' competing declaratory judgments at trial. Thus, the declaratory judgment determination and issue of unpaid royalties were separate and distinct issues, never intertwined, so the parties' competing declaratory judgments had no real impact on the patentee's claim for unpaid royalties.

MedImmune, Inc. v. Genentech, Inc., 535 F. Supp. 2d 1020 (C.D. Cal. 2008), is also inapposite. There, the alleged infringer paid royalties to the patentee, under protest, so the patentee could not seek damages as a remedy. Thus, the MedImmune court held no jury trial existed on the contract claim when the patentee "raise[d] no factual issues as to

## II. <u>Messa v. Goord</u> Supports Plaintiff's Right to a Jury Trial

During the motion hearing, defendant cited <u>Messa v. Goord</u>, 652 F.3d 305, 308 (2d Cir. 2011), arguing the right to a jury trial depends upon "the nature of the issue, rather than the character of the overall action." However, <u>Messa</u> actually further supports plaintiff's right to a jury trial on the ultimate issue in this case: whether defendant breached the agreement, thereby entitling plaintiff to royalties.

In <u>Messa</u>, the Court addressed whether there was a right to a jury trial on factual disputes regarding an inmate's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), when bringing a claim under 42 U.S.C. § 1983. Although the Court recognized the Seventh Amendment's guarantee of the right to "the ultimate determination of issues of fact by the jury," it found the right did not extend to "threshold issue[s] that courts must address to determine whether litigation is being conducted in the right forum at the right time." <u>Id.</u> at 309 (citations omitted). Denying Messa the right to a jury trial on the exhaustion issue, a preliminary matter, the Court held "the factual disputes relating to exhaustion [were] not intertwined with the merits of Messa's underlying excessive force claim." <u>Id.</u> Also, the claims pertaining to Messa's failure to exhaust his administrative remedies were dismissed without prejudice so he could refile the case upon exhaustion. <u>Id.</u> at 308. Thus, the issue "of judicial administration was not bound up with the merits of the underlying dispute" and did not interfere with the right to a jury's resolution of the merits of the ultimate dispute of whether defendants used excessive force.

---

the existence or amount of infringement damages or lost royalties: it readily concedes that no claim for damages is even possible because the contract had not been breached." <u>Id.</u> at 1023.

7

Unlike <u>Messa</u>, the preliminary issue of patent invalidity in this case is inextricably intertwined with the merits of plaintiff's underlying breach of contract case for damages. Whether plaintiff receives any damages depends entirely on whether its patent is found to be either valid or invalid. Whereas the Court in <u>Messa</u> did not interfere with Messa's right to a jury for the underlying § 1983 claim and ultimate issue, depriving plaintiff the right to a jury trial on the invalidity issue would not only interfere, but eviscerate plaintiff's right to present to the jury the merits of its breach of contract case. Thus, <u>Messa</u> reaffirms that the Seventh Amendment guarantees the right to a jury for resolving the merits of the ultimate dispute. <u>Id</u>. at 310 (citing <u>Markman v. Westview Instruments</u>, 517 U.S. 370, 377 (1996). Here, the ultimate dispute is not merely a declaratory judgment for invalidity, but whether defendant breached the parties' agreement, which would entitle plaintiff to damages.

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      November 30, 2019